# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------------x
                                                                   :
In re:                                                             :
                                                                   : Chapter 11
WINDSOR PETROLEUM TRANSPORT                                        :
CORPORATION, et al.,¹                                              : Case No. 14–11708 (PJW)
                                                                   :
                    Debtors.                                       : Jointly Administered
                                                                   :
-------------------------------------------------------------------x
```

SCHEDULES OF ASSETS AND LIABILITIES FOR

**Windsor Petroleum Transport Corp.**

**CASE NO. 14-11708**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, are: Windsor Petroleum Transport Corporation (1381) ("**Windsor Petroleum**"), Windsor Holdings Limited, Buckingham Petro Limited, Buckingham Shipping Plc, Caernarfon Petro Limited, Caernarfon Shipping Plc, Sandringham Petro Limited, Sandringham Shipping Plc, Holyrood Petro Limited, and Holyrood Shipping Plc. The mailing address for Windsor Petroleum is c/o Frontline Ltd., PO Box HM 1593, Par-la-Ville Place, 14 Par-la-Ville Road, Hamilton HM 08, Bermuda. The mailing address for each of the other Debtors is Fort Anne, Douglas, Isle of Man, IM1 5PD, British Isles.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
:
In re:                                                          : Chapter 11
                                                                :
WINDSOR PETROLEUM TRANSPORT                                     : Case No. 14–11708 (PJW)
CORPORATION, *et al.*,[1]                                       :
                                                                : Jointly Administered
                    Debtors.                                    :
                                                                :
---------------------------------------------------------------x

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY
AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**") are filing their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**," and together with the Schedules, the "**Schedules and Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules and Statements (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. These Global Notes should be referred to, and reviewed in connection with, any review of the Schedules and Statements. These Global Notes are in addition to any specific notes that may be contained in each of the Schedules or Statements. The fact that the Debtors have prepared a general note herein with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to any of the Debtors' remaining Schedules and Statements, as appropriate.

The Schedules and Statements have been prepared based on information provided by the Debtors' commercial manager, Frontline Ltd., and are unaudited and subject to potential

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, are: Windsor Petroleum Transport Corporation (1381) ("**Windsor Petroleum**"),Windsor Holdings Limited, Buckingham Petro Limited, Buckingham Shipping Plc, Caernarfon Petro Limited, Caernarfon Shipping Plc, Sandringham Petro Limited, Sandringham Shipping Plc, Holyrood Petro Limited, and Holyrood Shipping Plc. The mailing address for Windsor Petroleum is c/o Frontline Ltd., PO Box HM 1593, Par-la-Ville Place, 14 Par-la-Ville Road, Hamilton HM 08, Bermuda. The mailing address for each of the other Debtors is Fort Anne, Douglas, Isle of Man, IM1 5PD, British Isles.

adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such financial information; however, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors, omissions or inaccuracies may exist. The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements.

**Reservation of Rights**. Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the rights of the Debtors and their estates or an admission with respect to the Debtors' chapter 11 cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and claims, assumption or rejection of contracts, and/or causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.

**Description of the Chapter 11 Cases and "As of" Information Date**. On July 14, 2014 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 17, 2014, the Court entered an order [Docket No. 15] jointly administering the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b). Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors in the Schedules and Statements and these Global Notes is provided as of June 30, 2014, the date of the Debtors' most recent monthly closing of their books and records.

**Basis of Presentation**. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("**GAAP**"), nor are they intended to fully reconcile to any financial statements prepared by, or on behalf of, the Debtors. Therefore, combining the assets and liabilities set forth in the Schedules and Statements could result in amounts that could be substantially different from any financial information regarding the Debtors prepared on a consolidated basis under GAAP. Unlike any consolidated financial statements, the Schedules and Statements, except where otherwise indicated herein or in the Schedules and Statements, reflect the assets and liabilities of each Debtor on a non-consolidated basis, where possible.

**Consolidated Entity Accounts Payable and Disbursement Systems**. The Debtors use a centralized cash management system (the "**Cash Management System**") to collect, transfer, and disburse funds generated from their operations. A more complete description of the Debtors' Cash Management System is set forth in the Debtors' Motion for an Order, Pursuant to Sections 105(a) and 345(a) of the Bankruptcy Code, Bankruptcy Rule 2015 and Local Rule 2015-2, (I) Authorizing and Approving Continued Use of Cash Management System, (II) Authorizing Use of Prepetition Bank Accounts and Business Forms, (III) Waiving the Requirements of Section 345(b) on an Interim Basis and (IV) Granting Certain Related Relief (the "**Cash Management Motion**") filed on the Petition Date [Docket No. 6].

**Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as (a) current or former directors, officers or persons in control of a Debtor, (b) relatives of current or former directors, officers, or persons or entities in control of a Debtor, (c) a partnership in which a Debtor is a general partner or (d) an affiliate of a Debtor.  Except as otherwise disclosed herein or in the Statements, payments to insiders listed in (a) through (d) above are set forth on Statement 3(c).  Persons or entities listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should it be construed as, a legal characterization of such person or entity as an insider, and does not act as an admission of any fact, claim, right or defense, and all such rights, claims, and defenses with respect thereto are hereby expressly reserved.  Further, the Debtors and their estates do not take any position with respect to:  (a) such person's or entity's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual or entity; (c) the decision-making or corporate authority of such individual or entity; or (d) whether such individual or entity could successfully argue that such individual or entity is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

  a. **Current Market Value – Net Book Value**.  In many instances, current market valuations are neither maintained by, nor readily available to, the Debtors.  It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are not maintained or readily available.  Accordingly, unless otherwise indicated herein or the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date and may not reflect the net realizable value.

  b. **First Day Orders**.  Pursuant to certain "first day" orders and any supplements or amendments to such orders entered by the Court (each, a "**First Day Order**," and collectively, the "**First Day Orders**"), the Debtors and their estates were authorized to pay certain pre-petition claims of certain critical and foreign vendors and certain governmental, taxing and licensing authorities.  As such, except to the extent that these parties have claims in excess of the authority granted to the Debtors under the First Day Orders, the Debtors, in certain instances, have not included claims of this nature in the Schedules and Statements.

  c. **Setoffs and Recoupments**.  To the extent that the Debtors have incurred or effectuated any ordinary course setoffs or recoupments with customers and vendors prior to the Petition Date, or are subject to the occurrence of, or maintain the right to effectuate, ordinary course setoffs or recoupments on account of activities occurring prior to the Petition Date, such setoffs and recoupments are excluded from the Debtors' Schedules and Statements.  The Debtors and their estates reserve all of their rights with respect to any such setoffs and recoupments.

  d. **Credits and Adjustments**.  Claims of creditors are listed in the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors and their estates reserve all of

their rights with regard to such credits, allowances and other adjustments, including, without limitation, the right to assert claims objections, setoffs and recoupments with respect to the same.

    e. **Accounts Receivable**.  The accounts receivable information listed on Schedule B includes both billed and unbilled receivables from the Debtors' customers, and is net of allowance for doubtful accounts.

    f. **Leases**.  In the ordinary course of business, the Debtors may lease certain property from certain third-party lessors for use in the daily operation of the Debtors' business. Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

    g. **Entity Classification Issues**.  The Debtors have endeavored in good faith to identify the assets owned by each Debtor and the liabilities owed by each Debtor.  While the Schedules reflect the results of this effort, several factors may impact the ability of the Debtors to precisely assign assets and liabilities to particular Debtor entities, including, but not limited to: (a) certain assets may be primarily used by a Debtor other than the entity which holds title to such assets according to the Debtors' books and records; (b) the Debtor entity that owns or holds title to certain assets may not be ascertainable given the consolidated manner in which the Debtors have operated their business; (c) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor; and (d) certain creditors of the Debtors may have treated one or more of the Debtors as a consolidated entity rather than as differentiated entities.  Also, Debtors Buckingham Petro Limited, Caernarfon Petro Limited, Sandringham Petro Limited, and Holyrood Petro Limited (each, an "**Owner Company**," and collectively, the "**Owner Companies**") generally do not have any cash disbursements and exist solely to hold title to the Debtors' vessels, which are leased by the Owner Companies to Debtors Buckingham Shipping Plc, Caernarfon Shipping Plc, Sandringham Shipping Plc, and Holyrood Shipping Plc (collectively, the "**Shipping Companies**"), respectively (collectively, the "**Vessel Lease Agreements**").  Separate entity accounts are maintained for each of the Owner Companies and each of the Shipping Companies.  However, because audited financial statements are required for each of the Shipping Companies as they are public limited companies in the Isle of Man, each of the Shipping Companies is required to prepare consolidated financial statements (including the relevant Owner Company) under GAAP.  The Debtors have made a good faith effort to accurately describe the assets and liabilities of the Owner Companies for the purposes of the Schedules and Statements, and have identified the Vessel Lease Agreements on Schedule G for each of the Owner Companies and the Shipping Companies.  Any claims on account of the Vessel Lease Agreements have not been identified on Schedule F.

    h. **Executory Contracts and Unexpired Leases**.  The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts may have some value to the Debtors' estates.  Rather, the Debtors' executory contracts and unexpired leases have been set forth solely on Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of

01:15882838.5

4

rejection damages claims; however, the Schedules and Statements do not reflect any claims for rejection damages. The Debtors and their estates reserve any and all rights with respect to the assertion of any such claims.

      i.    **Intercompany Claims**. For certain reporting and internal accounting purposes, the Debtors record certain intercompany receivables and payables. Receivables and payables among the Debtors are reported as assets on Schedule B or liabilities on Schedule F (with the exception of any claims on account of the Vessel Lease Agreements) as appropriate (collectively, the "**Intercompany Claims**"). While the Debtors have used commercially reasonable efforts to ensure that the proper intercompany balance is attributed to each legal entity, the Debtors and their estates reserve all rights to amend the Intercompany Claims in the Schedules and Statements, including, without limitation, to change the characterization, classification, categorization or designation of such claims, including, but not limited to, the right to assert that any or all Intercompany Claims are, in fact, consolidated or otherwise properly assets or liabilities of a different Debtor entity. Statement 3(c) does not list Intercompany Claims.

**Unknown or Undetermined Amounts**. Where a description of an amount is left blank or listed as "unknown," "undetermined," or the like, such response is not intended to reflect upon the materiality of such amount.

**Estimates**. To timely close the books and records of the Debtors and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses. The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue and expenses to reflect changes in those estimates and assumptions.

**Classifications**. Listing a claim on Schedule D as "secured" or on Schedule F as "unsecured non-priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to recharacterize or reclassify any claim, contract, or lease.

**Claims Description**. Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor and its estate that such amount is not "disputed," "contingent" or "unliquidated." The Debtors and their estates reserve all rights to dispute, or to assert any offsets or defenses to, any claim reflected on their Schedules on any grounds, including, without limitation, amount, liability, validity, priority or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Listing a claim on the Schedules does not constitute an admission of liability by the Debtors and their estates, and the Debtors and their estates reserve all rights to amend the Schedules.

**Guaranties and Other Secondary Liability Claims**. Guaranties and other secondary liability claims (collectively, the "**Guaranties**") with respect to the Debtors' contracts and leases may not be included on Schedule H, and the Debtors believe that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and similar

agreements may exist.  Therefore, the Debtors and their estates reserve all rights to amend the Schedules to the extent additional Guaranties are identified.

## NOTES FOR THE SCHEDULES

**Schedule B – Personal Property**.  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in their respective Schedules and Statements, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.  The Debtors and their estates reserve all of their rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair or otherwise affect the assertion of such claims and causes of action.

Except as otherwise disclosed herein or in the Schedules, all amounts reported on Schedule B are reported as of June 30, 2014, which is the date of the Debtors' most recent monthly closing of their books and records.

**Schedule D – Creditors Holding Secured Claims**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any of the Debtors.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document or instrument related to such claim.  The descriptions provided in Schedule D are intended only to be a summary.

The Debtors have not included on Schedule D parties that may believe their claims are secured through maritime liens requiring no notice or perfection under applicable maritime law, setoff rights, or inchoate statutory lien rights.

By listing a party on Schedule D based on a UCC filing, the Debtors and their estates are not conceding that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing, and reserve all rights as set forth in these Global Notes.

Certain of the amounts listed for parties on Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses that such parties may be entitled to.

**Schedule F – Creditors Holding Unsecured Non-Priority Claims**.  Certain creditors listed on Schedule F may owe amounts to the Debtors; as such, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts, which rights are not reflected

on Schedule F. Also, the amounts listed on Schedule F reflect known prepetition claims as of June 30, 2014. Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Schedule F, and the Debtors and their estates reserve all rights to challenge any setoff and recoupment rights that may be asserted against them. The Debtors and their estates reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule F.

Certain claims listed on Schedule F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

The Debtors have used commercially reasonable efforts to include all creditors on Schedule F; however, the Debtors believe that there are instances in which vendors have yet to provide proper invoices for prepetition goods or services. While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and not tracked on a vendor by vendor basis, and as such have not been included on Schedule F.

In certain instances, the Debtors have not listed on Schedule F claims for which the Debtors have been granted authority (but not direction) to pay pursuant to a First Day Order. The Debtors believe that such claims have been, or will be, satisfied in the ordinary course of business during these chapter 11 cases pursuant to the authority granted in the relevant First Day Orders. The Debtors and their estates reserve their rights to dispute or challenge whether creditors listed on Schedule F are entitled to priority claims.

**Schedule G – Executory Contracts and Unexpired Leases**.  Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, the Debtors' review is ongoing and inadvertent errors, omissions or over-inclusion may have occurred in preparing Schedule G. In the ordinary course of business, the Debtors enter into various agreements with their customers, vendors and third-party commercial, technical ship and post-fixture managers. The Debtors may have entered into various other types of agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, letter agreements, and confidentiality agreements which may not be set forth on Schedule G. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted executory contracts and unexpired leases. Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date or is valid or enforceable. The agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed on Schedule G.

Any and all rights, claims and causes of action of the Debtors and their estates with respect to the agreements listed on Schedule G are hereby reserved and preserved. The Debtors and their estates hereby reserve all of their rights to: (a) dispute the validity, status, or enforceability of any agreements set forth on Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document or instrument related to a creditor's claim, including, but

not limited to, the agreements listed on Schedule G; and (iii) amend or supplement Schedule G, as necessary.

## NOTES FOR THE STATEMENTS

**Statement 3(c) and 23**.  As previously set forth herein and in more detail in the Cash Management Motion, the Debtors' Cash Management System is centralized.  As a result, during the year preceding the Petition Date, certain payments may have been made to insiders of each of the Debtors by one or more of the other Debtors, and some of these payments may have been for the benefit of another Debtor.  These payments are listed on Statement 3(c) and 23 for the Debtor making the payment, even if the payment was made to, or for the benefit of, an insider of another Debtor.  Statement 3(c) and 23 do not list the Intercompany Claims.  To ascertain information relating to all payments that were made to insiders, Statement 3(c) and 23 for all of the Debtors should be consulted.

**Statement 4(a)**.  The Debtors have not included on Statement 4(a) parties that may have asserted informal claims that were resolved or otherwise addressed without formal litigation or an administrative hearing or similar proceeding having been commenced.

**Statement 9**.  Payments to professionals for restructuring services were made on behalf of all of the Debtors.  Details regarding these payments have been listed on the Statements filed by Debtor Windsor Holdings Limited.  The payments listed in Statement 9 are generally only for restructuring-related services.  The Debtors may have made other payments to the listed professionals for non-bankruptcy related services, but these payments are not listed in Statement 9.

B 6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court
### District of Delaware

In re **Windsor Petroleum Transport Corporation**,
Debtor

Case No. **14-11708 (PJW)**

Chapter **11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 0.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 195,409,549.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 9 | | | |
| Total Assets | | | 0.00 | | |
| Total Liabilities | | | | 195,409,549.00 | |

B6A (Official Form 6A) (12/07)

.

In re **Windsor Petroleum Transport Corporation**  ,   Case No. __**14-11708 (PJW)**__
    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |
| | | Sub-Total > | **0.00** | (Total of this page) |
| | | Total > | **0.00** | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re **Windsor Petroleum Transport Corporation**,    Case No. **14-11708 (PJW)**
Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >    **0.00**
(Total of this page)

__2__ continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Windsor Petroleum Transport Corporation**            ,  Case No.  **14-11708 (PJW)**
                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >     **0.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Windsor Petroleum Transport Corporation**                                    ,   Case No.   **14-11708 (PJW)**
                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >    **0.00**
(Total of this page)

Total >    **0.00**

Sheet   **2**   of   **2**   continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re  **Windsor Petroleum Transport Corporation**,  Case No. **14-11708 (PJW)**
          Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br>**Bank of NY Mellon Indenture Trustee<br>c/o Emmet, Marvin & Martin LLP<br>Edward Zujkowski; Thomas Pitta<br>120 Broadway<br>New York, NY 10271** | X | - | **Principal and interest on secured notes due 2021**<br><br>Value $  **Unknown** | | | | **195,407,738.00** | **Unknown** |
| Account No.<br>**Bank of NY Mellon Indenture Trustee<br>c/o Emmet, Marvin & Martin LLP<br>Edward Zujkowski; Thomas Pitta<br>120 Broadway<br>New York, NY 10271** | | - | **Accrual for trustee fees**<br><br>Value $  **Unknown** | | | | **1,811.00** | **Unknown** |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |

**0** continuation sheets attached

Subtotal (Total of this page)  **195,409,549.00**    **0.00**

Total (Report on Summary of Schedules)  **195,409,549.00**    **0.00**

B6E (Official Form 6E) (4/13)

.

In re   **Windsor Petroleum Transport Corporation**                              ,   Case No.  **14-11708 (PJW)**
$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxx}$Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxxx}$**0**_____ continuation sheets attached

B6F (Official Form 6F) (12/07)

In re   **Windsor Petroleum Transport Corporation**                     ,    Case No.   **14-11708 (PJW)**
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

  **0**   continuation sheets attached

Subtotal (Total of this page)

Total (Report on Summary of Schedules)    **0.00**

B6G (Official Form 6G) (12/07)

In re **Windsor Petroleum Transport Corporation**,  Case No. **14-11708 (PJW)**
                                    Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|

**0** continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

In re  **Windsor Petroleum Transport Corporation**                        ,  Case No.  **14-11708 (PJW)**
                                     Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Buckingham Shipping Plc**<br>**Fort Anne**<br>**Douglas**<br>**Isle of Man IMI 5PD United Kingdom** | **Bank of NY Mellon Indenture Trustee**<br>**c/o Emmet, Marvin & Martin LLP**<br>**Edward Zujkowski; Thomas Pitta**<br>**120 Broadway**<br>**New York, NY 10271** |
| **Caernarfon Shipping Plc**<br>**Fort Anne**<br>**Douglas**<br>**Isle of Man IMI 5PD United Kingdom** | **Bank of NY Mellon Indenture Trustee**<br>**c/o Emmet, Marvin & Martin LLP**<br>**Edward Zujkowski; Thomas Pitta**<br>**120 Broadway**<br>**New York, NY 10271** |
| **Holyrood Shipping Plc**<br>**Fort Anne**<br>**Douglas**<br>**Isle of Man IMI 5PD United Kingdom** | **Bank of NY Mellon Indenture Trustee**<br>**c/o Emmet, Marvin & Martin LLP**<br>**Edward Zujkowski; Thomas Pitta**<br>**120 Broadway**<br>**New York, NY 10271** |
| **Sandringham Shipping Plc**<br>**Fort Anne**<br>**Douglas**<br>**Isle of Man IMI 5PD United Kingdom** | **Bank of NY Mellon Indenture Trustee**<br>**c/o Emmet, Marvin & Martin LLP**<br>**Edward Zujkowski; Thomas Pitta**<br>**120 Broadway**<br>**New York, NY 10271** |

**0**
____ continuation sheets attached to Schedule of Codebtors

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
### District of Delaware

In re **Windsor Petroleum Transport Corporation**                    Case No. **14-11708 (PJW)**
                                        Debtor(s)                    Chapter **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Restructuring Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __11__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **August 27, 2014**        Signature **/s/ Paul M. Leand, Jr.**
                                          **Paul M. Leand, Jr.**
                                          **Chief Restructuring Officer**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.