IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
WINDSOR PETROLEUM TRANSPORT : Case No. 14–11708 (PJW)
CORPORATION, *et al.*,[1] :
: (Jointly Administered)
Debtors. :
: Docket Ref. No. 103
---------------------------------------------------------------x

**ORDER: (A) APPROVING DISCLOSURE STATEMENT;
(B) FIXING VOTING RECORD DATE; (C) APPROVING
SOLICITATION MATERIALS AND PROCEDURES FOR
DISTRIBUTION THEREOF; (D) APPROVING FORMS OF BALLOTS
AND ESTABLISHING PROCEDURES FOR VOTING ON PLAN;
(E) SCHEDULING HEARING AND ESTABLISHING NOTICE AND
PROCEDURES FOR FILING OBJECTIONS TO (I) CONFIRMATION
OF THE PLAN, AND (II) PROPOSED CURE AMOUNTS
RELATED TO CONTRACTS ASSUMED
UNDER THE PLAN; AND (F) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of Windsor Petroleum Transport Corporation and its affiliated debtors and debtors in possession in the above-captioned cases (each a "**Debtor**," and collectively, the "**Debtors**") for entry of an order, pursuant to sections 105, 502, 1125, 1126 and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3001, 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3017-1 of the Local Rules of Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, are: Windsor Petroleum Transport Corporation (1381) ("**Windsor Petroleum**"),Windsor Holdings Limited, Buckingham Petro Limited, Buckingham Shipping Plc, Caernarfon Petro Limited, Caernarfon Shipping Plc, Sandringham Petro Limited, Sandringham Shipping Plc, Holyrood Petro Limited, and Holyrood Shipping Plc. The mailing address for Windsor Petroleum is c/o Frontline Ltd., PO Box HM 1593, Par-la-Ville Place, 14 Par-la-Ville Road, Hamilton HM 08, Bermuda. The mailing address for each of the other Debtors is Fort Anne, Douglas, Isle of Man, IM1 5PD, British Isles.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Disclosure Statement, as applicable.

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"): (a) approving the *Disclosure Statement for Plan of Reorganization of the Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 76] (as the same may be amended, modified, and/or supplemented, the "**Disclosure Statement**"); (b) fixing a voting record date for purposes of determining which holders of Claims against the Debtors are entitled to vote on the *Plan of Reorganization of the Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 75] (as the same may be amended, modified, and/or supplemented, the "**Plan**"); (c) approving solicitation materials and procedures for distribution of the Disclosure Statement and the Plan; (d) approving a form of Ballots and establishing procedures for voting on the Plan; (e) scheduling a hearing and establishing notice and procedures with respect to objecting to confirmation of the Plan and the proposed Cure Amounts with respect to the Assumed Contracts; and (f) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having filed with the Court the Disclosure Statement and the Plan; and the Court having reviewed the Disclosure Statement, the Motion, and the responses thereto, if any; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the hearing to consider same (the "**Disclosure Statement Hearing**") establish just cause for the relief granted herein; and sufficient notice of the Motion and the Disclosure Statement Hearing having been given; and no other or further notice being necessary or required; and it appearing to the Court, based upon the full record of these cases, that the Motion should be granted; and after due deliberation, and

sufficient cause appearing therefor,

**IT IS HEREBY FOUND THAT:**

A. The Debtors have the full organizational authority to propose and prosecute the Plan and Disclosure Statement.

B. Notice of the Motion and the Disclosure Statement Hearing Notice were served as proposed in the Motion, and such notice constitutes good and sufficient notice to all interested parties and no other or further notice need be provided.

C. The period, set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable and adequate period of time under the circumstances for creditors entitled to vote to make an informed decision to accept or reject the Plan.

D. The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and in this Order below) provide for a fair and equitable voting process, and are consistent with section 1126 of the Bankruptcy Code.

E. The notice substantially in the form annexed hereto as <u>Exhibit 1</u> (the "**Confirmation Hearing Notice**"), the notice substantially in the form annexed hereto as <u>Exhibit 3</u> (the "**Non-Voting Creditor Notice**"), the notice substantially in the form annexed hereto as <u>Exhibit 4</u> (the "**Publication Notice**"), the notice substantially in the form annexed hereto as <u>Exhibit 5</u> (the "**Cure Notice**"), and the procedures set forth below for providing such notices to creditors and equity security holders of the time, date, and place of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**"), and the contents of the Confirmation Hearing Notice and the Non-Voting Creditor Notice, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

F. The form of Ballots annexed hereto as <u>Exhibit 2</u> is sufficiently consistent with Official Form No. 14, adequately addresses the particular needs of these Chapter 11 Cases, and is appropriate for the Class of Claims that is entitled to vote to accept or reject the Plan.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

3. The first day of the Disclosure Statement Hearing, or October 8, 2014, is established as the record date (the "**Voting Record Date**") for purposes of this Order and determining which creditors are entitled to vote on the Plan.

4. The Confirmation Hearing Notice, substantially in the form attached hereto as <u>Exhibit 1</u>, is approved.

5. The Confirmation Hearing shall be held at 3:00 p.m. (prevailing Eastern Time) on November 20, 2014; <u>provided, however,</u> that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice at any time prior to the commencement of the Confirmation Hearing; <u>provided, further,</u> that the Debtors shall provide advance notice to counsel to the Supporting Noteholders regarding any adjournment; <u>provided, further,</u> that nothing herein shall alter or affect the terms of the RSA, including without limitation, the case milestones set forth therein.

6. Objections to confirmation of the Plan, if any, must (a) be in writing; (b) state the name and address of the objecting party; (c) state the amount and nature of the Claim or Equity Interest of such party; (d) state with particularity the basis and nature of any objection to the Plan; and (e) be filed, together with proof of service, with the Court and served

so that they are received by the parties identified in the Confirmation Hearing Notice or the Non-Voting Creditor Notice no later than 4:00 p.m. (prevailing Eastern Time), on November 13, 2014 (the "**Confirmation Objection Deadline**"). Objections to confirmation of the Plan not timely filed and served in the manner set forth above may not be considered by the Bankruptcy Court and may be overruled. The Debtors and any parties supporting confirmation of the Plan may file replies to objections, if any, to confirmation of the Plan at any time prior to the commencement of the Confirmation Hearing.

7. The following Cure Procedures are approved for establishing the Cure Amounts for the executory contracts to be assumed pursuant to the Plan:

(a) the Debtors shall cause the *Notice of (I) Possible Assumption of Contracts, (II) Fixing of Cure Amounts, and (III) Deadline to Object Thereto* (the "**Cure Notice**"), in a form substantially similar to the form attached to hereto as Exhibit 5, to be served on the non-debtor counterparties to all executory contracts to be assumed as part of the Plan (the "**Assumed Contracts**") by October 14, 2014. Among other things, the Cure Notice shall set forth the amount that the Debtors believe must be paid in order to cure all monetary defaults under each of the Assumed Contracts;

(b) the non-debtor counterparties to the Assumed Contracts shall have until November 13, 2014 (the "**Cure Objection Deadline**"), which deadline may be extended in the sole discretion of the Debtors, to object (a "**Cure Objection**") to the (i) Cure Amounts listed by the Debtors and to propose alternative cure amounts, and/or (ii) proposed assumption of the Assumed Contracts under the Plan; provided, however, that if the Debtors amend the Cure Notice or any related pleading that lists the Assumed Contracts to add a contract or lease or to reduce the cure amount thereof, except where such reduction was based upon the mutual agreement of the parties, the non-debtor counterparty thereto shall have at least twenty-one calendar days after service of such amendment to object thereto or to propose an alternative cure amount(s);

(c) If a Cure Objection is timely filed and the parties are unable to settle such Cure Objection, the Bankruptcy Court shall determine the amount of any disputed Cure Amount(s) or objection to assumption at a hearing to be held at the time of the Confirmation Hearing or such other hearing date to which the parties may mutually agree or as ordered by the Court. The

    Debtors may, in their sole discretion, extend the Cure Objection Deadline without further notice, but are not obligated to do so; and

  (d)  in the event that no Cure Objection is timely filed with respect to an Assumed Contract, the counterparty to such Assumed Contract shall be deemed to have consented to the assumption of the Assumed Contract and the Cure Amount proposed by the Debtors and shall be forever enjoined and barred from seeking any additional amount(s) on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates or the Reorganized Debtors. In addition, if no timely Cure Objection is filed with respect to an Assumed Contract, upon the Effective Date of the Plan, the Reorganized Debtors and the counterparty to such Assumed Contract shall enjoy all of the rights and benefits under the Assumed Contract without the necessity of obtaining any party's written consent to the Debtors' assumption of the Assumed Contract, and such counterparty shall be deemed to have waived any right to object, consent, condition or otherwise restrict the Debtors' assumption of the Assumed Contract.

  8.  The inclusion of a Contract in the Cure Notice is without prejudice to the Debtors' right to modify their election to assume such Contract prior to the entry of a final, non-appealable order (which order may be the order confirming the Plan) approving the assumption of any such Assumed Contract, and inclusion in the Cure Notice is <u>not</u> a final determination that any Contract shall, in fact, be assumed.

  9.  The Debtors shall cause to be served, on or before the Solicitation Commencement Date, and the Confirmation Hearing Notice on the Notice Parties, all parties holding equity interests in Windsor Holdings, Limited, and the U.S. Securities and Exchange Commission.

  10.  The Debtors shall publish the Publication Notice, the form of which as annexed hereto as <u>Exhibit 4</u> and is hereby approved, at least 28 days before the Confirmation Objection Deadline in the national edition of either the national and international editions of <u>The New York Times</u>, and the <u>Isle of Man Courier</u>. Additionally, the Debtors shall post the

Confirmation Hearing Notice electronically on their reorganization website at http://cases.primeclerk.com/windsor.

11. The Debtors shall mail or cause to be mailed to holders of Claims entitled to vote on the Plan (collectively, the "**Voting Parties**"),[3] on the day that is four (4) business days from entry of the order approving the Motion (expected to be October 14, 2014) (the "**Solicitation Commencement Date**"), a solicitation package (the "**Solicitation Package**"), containing: (i) the Confirmation Hearing Notice, which shall set forth (a) this Court's approval of the Disclosure Statement, (b) the Voting Deadline with respect to the Plan, (c) the date and time of the Confirmation Hearing, and (d) the deadline and procedures for filing objections to confirmation of the Plan; (ii) a CD containing a copy of this Order (without exhibits) and a copy of the Disclosure Statement (together with the Plan and other exhibits annexed thereto); and (iii) a Ballot to accept or reject the Plan and a postage prepaid, self-addressed, return envelope.

12. The Solicitation Packages and the proposed manner of service thereof satisfy the requirements of Bankruptcy Rule 3017(d).

13. Pursuant to Bankruptcy Rule 3017(d), the Debtors are not required to transmit a Solicitation Package to the Non-Voting Parties. The Debtors shall mail, or cause to be mailed, a Non-Voting Creditor Notice to each Non-Voting Party on or before the Solicitation Commencement Date.

14. The Debtors shall cause to be served on or before the Solicitation Commencement Date, the Solicitation Packages, Confirmation Hearing Notices, and Non-Voting Creditor Notices, as applicable, to:

---

[3] The Voting Parties consist of holders of Claims in Class 3 (Secured Noteholder Claims Against Note Obligor Debtors).

(a) all persons or entities identified on the Debtors' schedules of liabilities filed pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 (as amended or modified prior to the Voting Record Date, the "**Schedules**"), excluding scheduled Claims that have been (i) superseded by a filed proof of claim prior to the Voting Record Date or (ii) disallowed or expunged;

(b) holders of Claims in Class 3 (Secured Noteholder Claims Against Note Obligor Debtors) as of the Voting Record Date;

(c) all parties who filed proofs of claim, as reflected on the official claims register maintained by the Claims and Voting Agent on the Voting Record Date, and whose Claims have not been disallowed or expunged prior to the Solicitation Commencement Date; and

(a) the assignee of a transferred and assigned Claim (whether a filed Claim or a Claim included on the Schedules) if the transfer and assignment has been noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) on the Voting Record Date.

15. With respect to addresses from which one or more prior notices served in these cases were returned as undeliverable and with respect to which the Debtors have not timely received corrected address information, the Debtors are excused from distributing Solicitation Packages, Confirmation Hearing Notices, and Non-Voting Creditor Notices, as applicable, to those entities listed at such addresses if the Debtors are unable to obtain accurate addresses for such entities before the Solicitation Commencement Date.

16. The Debtors are excused from re-distributing Solicitation Packages, the Confirmation Hearing Notice, and Non-Voting Creditor Notices that are returned as undeliverable.

17. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Confirmation Hearing Notice, the Non-Voting Creditor Notice, the Publication Notice, the Cure Notice, and related documents without further order of the Court, subject to the consent rights of the Supporting Noteholders, including ministerial

changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Packages prior to mailing.

18. November 13, 2014, at 4:00 p.m. (prevailing Eastern Time) is established as the voting deadline (the "**Voting Deadline**") for purposes of this Order and solicitation of votes with respect to the Plan.

19. The Ballots, substantially in the form attached hereto as Exhibit 2, are approved.

20. All Class 3 Ballots must be properly executed, completed, and the original thereof shall be delivered to the Claims and Voting Agent so as to be actually received no later than the Voting Deadline.

21. The Debtors shall solicit all holders of Claims in Class 3 (Secured Noteholder Claims Against Note Obligor Debtors), whether or not such parties are Supporting Noteholders. In order to solicit the holders of Claims in Class 3, the Secured Notes Indenture Trustee shall be required to provide the Claims and Voting Agent with the names, addresses and principal amounts of all directly registered holders of Class 3 Claims as of the Voting Record Date (the "**Directly Registered Holders**") in an electronic excel spreadsheet no later than two (2) days after the Voting Record Date (or, in the alternative, provide confirmation to the Claims and Voting Agent that The Depository Trust Company is the only holder of the Class 3 Claims). To the extent there are any Directly Registered Holders, the Claims and Voting Agent shall mail the appropriate Solicitation Package to each holder by no later than the Solicitation Commencement Date.

22. With respect to beneficial owners (the "**Beneficial Holders**") that hold their Class 3 Claims through a broker, bank, dealer, agent or other nominee (collectively, with any agent thereof, the "**Nominees**"), the Debtors shall cause the Claims and Voting Agent to transmit sufficient copies of the Solicitation Packages to the Nominees for distribution to the Beneficial Holders of the Class 3 Claims.

23. The Nominees shall distribute Solicitation Packages to the Beneficial Holders within five (5) business days after receipt of the Solicitation Packages from the Claims and Voting Agent in a manner customary in the securities industry so as to maximize the likelihood that Beneficial Holders will receive the materials and be given the opportunity to exercise their rights in a timely fashion.

24. With respect to the return of Beneficial Holders' Class 3 ballots, a Nominee may either:

- transmit the Solicitation Packages to Beneficial Holders of Class 3 Claims along with the beneficial holder Ballot and a pre-paid return envelope provided by, and addressed to, the applicable Nominees. The Nominee shall instruct the Beneficial Holders to complete and return the beneficial holder Ballot to the Nominee by a date determined by such Nominee that provides sufficient time for the Nominee to receive, process and summarize the individual votes reflected on the beneficial holder ballots on the master ballot to be provided to them by the Debtors.[4] The Nominee shall then return the master ballot to the Claims and Voting Agent by the Voting Deadline; or

- pre-validate the beneficial holder ballot (a "**Pre-Validated Ballot**") by (i) signing the applicable beneficial holder ballot and including its DTC Participant Number, (ii) indicating on the beneficial holder Ballot the account number of such holder, and the principal amount of Class 3 Claims held by the Nominee for such beneficial holder, and (iii) forwarding the beneficial holder Ballot (together with the full Solicitation Package) to the beneficial holder for voting. The beneficial holder must then complete the information requested in the Ballot (including indicating a vote to accept or reject the

---

[4] In accordance with customary public security solicitation procedures, the master ballot will be distributed to Nominees approximately seven calendar days after the initial distribution of the Solicitation Packages to the Nominees.

10

Plan), review the certifications contained therein, and return the Ballot directly to the Claims and Voting Agent in the pre-addressed, postage-paid envelope included with the Solicitation Package so that it is actually received by the Claims and Voting Agent on or before the Voting Deadline. A list of the beneficial holders to whom the Nominee sent "pre-validated" Ballots should be maintained by the Nominee for inspection for at least one year following the Voting Deadline.

25. The Debtors are authorized to reimburse Nominees for their reasonable, actual and necessary out-of-pocket expenses incurred in performing the tasks described above upon written request by such Nominees.

26. The following procedures and general assumptions shall be used in tabulating the Ballots:

(a) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class shall be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such claims shall be treated as a single vote to accept or reject the Plan.

(b) Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, an individual ballot with respect to multiple claims within a single class that partially rejects and partially accepts the Plan shall not be counted.

(c) Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, shall not be counted.

(d) Only ballots that are timely received with original signatures shall be counted. Unsigned ballots or ballots with non-original signatures shall not be counted.

(e) Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, shall not be counted.

(f) Ballots which are illegible, or contain insufficient information to permit the identification of the creditor, shall not be counted.

(g) Whenever a creditor casts more than one ballot voting the same claim prior to the Voting Deadline, the last valid ballot received prior to the

11

        Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior received ballots.

(h)     If a creditor simultaneously casts inconsistent duplicate ballots with respect to the same claim, such ballots shall not be counted.

(i)     Each creditor shall be deemed to have voted the full amount of its claim. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of ballots shall be determined by the Claims and Voting Agent and the Debtors, which determination shall be final and binding.

(j)     Any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted.

(k)     Any Ballot cast by a person or entity that does not hold a Claim in Class 3 to accept or reject the Plan shall not be counted.

(l)     Ballots transmitted to the Claims and Voting Agent by facsimile or other electronic means shall not be counted.

(m)     Notwithstanding anything contained herein to the contrary, the Claims and Voting Agent, in its discretion, may contact parties that submitted Ballots to cure any defects in the Ballots.

(n)     Unless waived, any defects or irregularities in connection with deliveries of ballots must be cured within such time as the Debtors or the Court determines. Neither the Debtors nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to deliveries of ballots, nor shall any incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, deliver of such ballots shall not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted.

(o)     The Debtors, in their discretion, upon notice to counsel to the Supporting Noteholders, and subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting and without notice. Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in their discretion upon notice to counsel to the Supporting Noteholders, reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the Court; provided, however, that such invalid Ballots shall be documented in the voting

results filed with the Court (which voting results shall be filed no later than three (3) business days prior to the Confirmation Hearing).

(p) Subject to contrary order of the Court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors, not be in accordance with the provisions of the Bankruptcy Code; provided, however, the Debtors shall provide notice of such rejection to counsel to the Supporting Noteholders; and provided, further, that such invalid Ballots shall be documented in the voting results filed with the Court.

27. The following additional procedures shall apply with respect to tabulating master ballots:

(a) votes cast by holders of public securities through Nominees will be applied to the applicable positions held by such Nominees as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee shall not be counted in excess of the amount of public securities held by such Nominee as of the Voting Record Date;

(b) if conflicting votes or "over-votes" are submitted by a Nominee, the Claims and Voting Agent shall use reasonable efforts to reconcile discrepancies with the Nominee;

(c) if over-votes are submitted by a Nominee which are not reconciled prior to the preparation of the certification of vote results, the votes to accept and to reject the Plan shall be approved in the same proportion as the votes to accept and to reject the Plan submitted by the Nominee, but only to the extent of the Nominee's Voting Record Date position in the public securities;

(d) for the purposes of tabulating votes, each beneficial holder shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its public securities; any principal amounts thus voted may be thereafter adjusted by the Claims and Voting Agent, on a proportionate basis to reflect the corresponding claim amount, including any accrued but unpaid prepetition interest, with respect to the securities thus voted; and

(e) a single Nominee may complete and deliver to the Claims and Voting Agent multiple master ballots. Votes reflected on multiple master ballots shall be counted except to the extent that they are duplicative of other master ballots. If two or more master ballots are inconsistent, the last properly completed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede any prior received master ballot.

28. In accordance with section 1125(e) of the Bankruptcy Code, to the fullest extent permitted by law, none of the Debtors or any Supporting Noteholder (including each of their respective directors, officers, employees, shareholders, members, partners, agents, or representatives (including attorneys, accountants, financial advisors, and investment bankers), each solely in their capacity as such) shall have any liability on account of soliciting votes on the Plan or participating in such solicitation, for violation of any applicable law, rule, or regulation governing solicitation of acceptance or rejection of a plan or the offer, issuance, sale, or purchase of securities.

29. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court, including, but not limited to, the making of any payments reasonably necessary to perform the actions and distributions contemplated herein.

30. This Court shall retain jurisdiction with respect to all matters related to this Order.

Dated: OCT 8, 2014
Wilmington, Delaware

_____
Peter J. Walsh
United States Bankruptcy Judge